**WO**                                                                                          SC

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jamarr L. Yancey, | ) No. CV 12-1511-PHX-GMS (SPL) |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Joseph M. Arpaio, et al., | ) |
| Defendants. | ) |

On July 13, 2012, Plaintiff Jamarr L. Yancey, who was then confined in Maricopa County's Durango Jail in Phoenix, Arizona, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 with an Application to Proceed *In Forma Pauperis*.  (Doc. 1, 2.)  On July 31, 2012, Plaintiff filed a motion for release of his inmate trust account statement and a notice of change of address reflecting that he has been released.  (Doc. 6, 8.)  The Court will deny the *in forma pauperis* application and motion for inmate trust account statement and order Plaintiff to either pay the filing fee or show cause why he is unable to do so.

## I.    Payment of Filing Fee

When bringing an action, a prisoner must either pay the filing fee in a lump sum or, if granted the privilege of proceeding *in forma pauperis*, pay the fee incrementally as set forth in 28 U.S.C. § 1915(b)(1).  A prisoner who has been released must pay any unpaid balance of the filing fee within 120 days of his release unless he shows good cause why he cannot.  In any event, a former inmate must, within 30 days of his release, either (1) notify

JDDL

the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal.

Plaintiff was an inmate when he commenced this action, therefore, he is liable for the $350.00 filing fee.  (See doc. 1.)  On July 31, 2012, Plaintiff filed a notice of change of address reflecting that he has been released.  (Doc. 8.)  Plaintiff has not paid any portion of the $350.00 filing fee.  Because Plaintiff has been released and he has not paid the filing fee, he must notify the Court within 30 days from the filing date of this Order whether he intends to pay the filing fee or show good cause in writing why he cannot.  Plaintiff may show cause by submitting an affidavit, signed under penalty of perjury, demonstrating why he is presently unable to pay the filing fee.  See 28 U.S.C. § 1746 (the oath requirement may be satisfied when a person declares under penalty of perjury that the submission is true and correct, and signs and dates the statement).  An application to proceed *in forma pauperis* is attached, which may assist Plaintiff in the preparation of such an affidavit.  Failure to comply with this Order may result in the dismissal of this action.

**II.    Warnings**

**A.    Address Changes**

Plaintiff must file and serve a notice of a change of address 10 days before the move is effective, if practicable.  See LRCiv 83.3(d).  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal.

**B.    Copies**

Plaintiff must submit an additional copy of every document that he files for use by the Court.  See LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C.    Possible Dismissal**

Plaintiff is warned that failure to timely comply with every provision of this Order, including these warnings, may result in dismissal of this action without further notice.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed *In Forma Pauperis* and his motion to release inmate trust account statement are **denied**.  (Doc. 2, 6.)

(2)     Within **30 days** from the filing date of this Order, Plaintiff must either pay the $350.00 filing fee **or** show good cause why he is unable to pay the filing fee.

(3)     If Plaintiff fails, within 30 days from the filing date of this Order, either to pay the $350.00 filing fee or to show good cause why he is unable to pay the filing fee, the Clerk of Court must enter a judgment of dismissal of this action without prejudice or further notice.

(4)     The Clerk of Court must mail Plaintiff a court-approved form for filing an Application to Proceed *In Forma Pauperis* as a guideline in the event that Plaintiff seeks to show good cause why he is unable to pay the filing fee.

DATED this 1st day of August, 2012.

A. Murray Snow
/G. Murray Snow
United States District Judge

Name
Address
City, State, Zip
Telephone number

1

2

3

4

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

6

7

8                    Plaintiff,           )
                                          )    CV
9        vs.                              )
                                          )    **MOTION TO PROCEED**
10                                        )    **IN FORMA PAUPERIS and**
                                          )    **SUPPORTING INFORMATION**
11                   Defendant.           )
                                          )
12    _____    )

13        I, _____, declare that I am the Plaintiff in this action;

14    that I hereby request to proceed without being required to prepay fees, costs or give security

15    therefore.  I state that, because of my poverty, I am unable to pay the fees of said proceeding;

16    that I believe I am entitled to relief.

17    In further support of this application, I answer the following questions:

18    1.      Are you presently employed?                        Yes      No

19            a.      If the answer is "yes", state the amount of your salary or wages per month and

20                    give the name and address of your employer.

21

22            b.      If the answer is "no", state the date of last employment and the amount of the

23                    salary and wages per month which you received.

24

25    2.      Is your spouse employed?                           Yes      No

26            a.      If the answer is "yes", state the amount of your spouse's salary or wages per

27                    month and give the name and address of your spouse's employer.

28

ATTACHMENT 6

b.      If the answer is "no", state the date of last employment and the amount of the salary and wages per month which your spouse received.

3.      Have you received within the past twelve months any money from any of the following sources?

| | | | |
|---|---|---|---|
| a. | Business or other form of self employment | Yes | No |
| b. | Rent payments, interest or dividends | Yes | No |
| c. | Pensions, annuities or life insurance payments | Yes | No |
| d. | Gifts or inheritances | Yes | No |
| e. | Any other sources | Yes | No |

If the answer to any of the above is "yes", describe each source of money and state the amount received from each during the past twelve months.

4.      Do you own any cash, or do you have money in checking or savings accounts? If the answer is "yes", what is the amount of money you own in cash _____, checking account _____, savings account _____.

5.      Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding household furnishing and clothing)? Yes    No If the answer is "yes", describe and give estimated value of each.

6.      List the number of persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute towards their support.

I declare under penalty of perjury that the forgoing is true and correct.

DATED this ___ day of _____, 200__.


_____
Your signature in ink
_____
Your name typed or printed
_____
_____
Address
_____
Telephone Number

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

|                          |   |          |
|--------------------------|---|----------|
|                          | ) |          |
|                          | ) |          |
|                          | ) |          |
| Plaintiff,               | ) | CV       |
|                          | ) |          |
| vs.                      | ) | **ORDER** |
|                          | ) |          |
|                          | ) |          |
| Defendant.               | ) |          |
|                          | ) |          |
|                          | ) |          |

I, _____, District Judge/Magistrate Judge of the United States District Court for the District of Arizona, hereby:

_____ **GRANT** the application for leave to proceed in forma pauperis, without prepayment of costs or fees or the necessity of giving security therefore.  Plaintiff shall be responsible for service by waiver or of the summons and complaint.

_____ **GRANT** the application for leave to proceed in forma pauperis, without prepayment of costs or fees or the necessity of giving security therefore.  Service by waiver or of the summons and complaint shall be at government expense on the defendants by the U.S. Marshal or his authorized representative.

_____ **DENY** the application for leave to proceed in forma pauperis without prepayment of costs or fees or the necessity of giving security therefore.  Plaintiff shall have 10 days from the entry of this Order to pay the filing fee of $350.00.  The Clerk of Court is directed to enter

ATTACHMENT 7

dismissal of this action without further notice if Plaintiff fails to pay the filing fee of $350.00 within 10 days of the entry of this Order.

The Clerk shall forthwith notify the Plaintiff of the entry of this Order.

DATED this ___ day of _____, 200__.


_____
United States District/Magistrate Judge

## FEDERAL RULES OF CIVIL PROCEDURE

# Rule 4. Summons

(a) Form.

The summons shall be signed by the clerk, bear the seal of the court, identify the court and the parties, be directed to the defendant, and state the name and address of the plaintiff's attorney or, if unrepresented, of the plaintiff. It shall also state the time within which the defendant must appear and defend, and notify the defendant that failure to do so will result in a judgment by default against the defendant for the relief demanded in the complaint. The court may allow a summons to be amended.

(b) Issuance

Upon or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is in proper form, the clerk shall sign, seal, and issue it to the plaintiff for service on the defendant. A summons, or a copy of the summons if addressed to multiple defendants, shall be issued for each defendant to be served.

(c) Service with Complaint; by Whom Made.

(1) A summons shall be served together with a copy of the complaint. The plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m) and shall furnish the person effecting service with the necessary copies of the summons and complaint.

(2) Service may be effected by any person who is not a party and who is at least 18 years of age. At the request of the plaintiff, however, the court may direct that service be effected by a United States marshal, deputy United States marshal, or other person or officer specially appointed by the court for the purpose. Such an appointment must be made when the plaintiff is authorized to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 or is authorized to proceed as a seaman under 28 U.S.C. § 1916.

(d) Waiver of Service; Duty to Save Costs of Service; Request to Waive.

(1) A defendant who waives service of a summons does not thereby waive any objection to the venue or to the jurisdiction of the court over the person of the defendant.

(2) An individual, corporation, or association that is subject to service under subdivision (e) , (f) , or (h) and that receives notice of an action in the manner provided in this paragraph has a duty to avoid unnecessary costs of serving the summons. To avoid costs, the plaintiff may notify such a defendant of the commencement of the action and request that the defendant waive service of a summons. The notice and request