**WO**                                                                                              SC

1
2
3
4
5
6
7
8

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Jamarr L. Yancey,                          )     No. CV 12-1511-PHX-GMS (SPL)
                                           )
             Plaintiff,                    )     **ORDER**
                                           )
vs.                                        )
                                           )
Joseph M. Arpaio, et al.,                  )
                                           )
             Defendants.                   )
_____      )

On July 13, 2012, Plaintiff Jamarr L. Yancey, who was then confined in Maricopa County's Durango Jail in Phoenix, Arizona, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 with an Application to Proceed *In Forma Pauperis*.  (Doc. 1, 2.)  On July 31, 2012, Plaintiff filed a notice of change of address reflecting that he had been released from custody. (Doc. 8.)  In an Order filed on August 2, 2012, the Court denied his Application and ordered Plaintiff to either pay the filing fee or show cause why he was unable to do so.  (Doc. 9.) Plaintiff has filed an *in forma pauperis* application signed under penalty of perjury reflecting that he is unemployed, has no assets, and has several dependents. (Doc. 10.)  The Court will therefore grant Plaintiff leave to proceed *in forma pauperis* and discharge the show cause order.  If Plaintiff's financial circumstances materially change or he is re-incarcerated, Plaintiff must promptly file a notice in this case regarding such change in circumstances. The Court will dismiss the Complaint for failure to state a claim with leave to amend.

**II.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against

JDDL-K

1  a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C.

2  § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised

3  claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

4  be granted, or that seek monetary relief from a defendant who is immune from such relief.

5  28 U.S.C. § 1915A(b)(1), (2).

6      A pleading must contain a "short and plain statement of the claim *showing* that the

7  pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not

8  demand detailed factual allegations, "it demands more than an unadorned, the-defendant-

9  unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

10  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

11  statements, do not suffice." Id.

12      "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

13  claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly,

14  550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content

15  that allows the court to draw the reasonable inference that the defendant is liable for the

16  misconduct alleged." Id. "Determining whether a complaint states a plausible claim for

17  relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

18  experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual

19  allegations may be consistent with a constitutional claim, a court must assess whether there

20  are other "more likely explanations" for a defendant's conduct. Id. at 1951.

21      But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

22  must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th

23  Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards

24  than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89,

25  94 (2007) (*per curiam*)).

26      If the Court determines that a pleading could be cured by the allegation of other facts,

27  a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the

28  action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court

should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine district judges' role as impartial decisionmakers."  <u>Pliler v. Ford</u>, 542 U.S. 225, 231 (2004); <u>see also</u> <u>Lopez</u>, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).  The Court will dismiss Plaintiff's Complaint for failure to state a claim, but because the Complaint may possibly be saved by amendment, the Court will dismiss the Complaint with leave to amend.

**III.    Complaint**

Plaintiff asserts three counts for threat to safety based on conditions of confinement at the Durango Jail.  Plaintiff sues Maricopa County Sheriff Joseph M. Arpaio and the Maricopa County Board of Supervisors.  Plaintiff seeks compensatory relief.

Plaintiff asserts the following: Durango Jail poses a threat to inmates and staff due to peeling lead paint, asbestos in the ceilings and walls, and overcrowding in the dormitories and cells, where a cell designed to hold four inmates houses 32.  Plaintiff also asserts "unsanitary living conditions." (Doc. 1 at 3.) He further alleges fire safety code violations, including that fire extinguishers are inaccessible to inmates in the lockdown housing unit, a lack of fire sprinklers, and faulty fire and carbon dioxide detectors.  He also alleges a lack of fire escape exits and drills.  According to Plaintiff, Arpaio "knowingly & intentionally" conspired to violate inmate constitutional rights by housing pretrial detainees in "biohazardous asbestos, lead based building, jails."[1] (<u>Id.</u> at 4.) Plaintiff alludes to suffering from high blood pressure.  Finally, Plaintiff asserts that inmates are illegally bunked in small cells with four inmates held in a 9 x 6 foot cell and a total of 32 occupants in eight 9 x 6 foot cells.

**IV.    Failure to State a Claim**

To state a claim under § 1983, a plaintiff must allege that (1) the conduct about which

[1] In addition, Plaintiff again asserts violations of <u>Graves v. Arpaio</u>, CV77-0479.  In <u>Graves</u>, the Court ordered prospective relief against Sheriff Arpaio concerning ongoing conditions for pretrial detainee at County jails.  Many inmates apparently believe that they may receive an immediate payout from a fund established in that class action.  No such fund exists.  The inmates in <u>Graves</u> asked for injunctive relief and not monetary damages.

he complains was committed by a person acting under color of state law, and (2) the conduct deprived him of a constitutional right.  Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).  In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant.  Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

### A.   Maricopa County Board of Supervisors

Plaintiff sues the Maricopa County Board of Supervisors without naming each supervisor as a defendant or alleging any facts against the Board.  When individuals, such as members of the Maricopa County Board of Supervisors, are sued in an official capacity, the real party in interest is the entity of which the members are agents.  Kentucky v. Graham, 473 U.S. 159, 165-66 (1985) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n.55 (1978)).  In this case, that entity is Maricopa County.  The actions of individuals only support municipal liability if a claimed injury resulted pursuant to an official policy or custom of the municipality.  Botello v. Gammick, 413 F.3d 971, 978-79 (9th Cir. 2005); Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001).  For that reason, a municipality may not be sued solely because an injury was inflicted by one of its employees or agents.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  Rather, the municipality is liable only when the execution of its policy or custom inflicts the constitutional injury.  Id.; Miranda v. City of Cornelius, 429 F.3d 858, 868 (9th Cir. 2005).  As stated by the Ninth Circuit:

> There are three ways to meet the policy, practice, or custom requirement for municipal liability under § 1983:  (1) the plaintiff may prove that a public entity employee committed the alleged constitutional violation pursuant to a formal policy or a longstanding practice or custom, which constitutes the standard operating procedure of the local government entity; (2) the plaintiff may establish that the individual who committed the constitutional tort was an official with "final policy-making authority" and that the challenged action itself thus constituted an act of official government policy; or (3) the plaintiff may prove that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action ....   An unconstitutional policy need not be formal or written to create municipal liability under § 1983; however, it must be so permanent and well settled as to constitute a custom or usage with the force of law.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 167-68, ... (1970).  Furthermore, "[p]roof of a single incident of unconstitutional

activity is not sufficient to impose liability under <u>Monell</u>, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policy maker." <u>Oklahoma City v. Tuttle</u>, 471 U.S. 808, 823-24, ... (1985).

<u>Avalos v. Baca</u>, 596 F.3d 583, 587-88 (9th Cir. 2010) (quoting <u>Avalos v. Baca</u>, 517 F. Supp.2d 1156, 1162 (C.D. Cal. 2007)).  Thus, a plaintiff cannot state a § 1983 claim against a municipal defendant unless he alleges that the municipal defendant maintained a policy or custom pertinent to the plaintiff's alleged injury and explains how such policy or custom caused his injury.  <u>Sadoski</u>, 435 F.3d at 1080.

Plaintiff does not allege any facts against the Maricopa County Board of Supervisors. Further, he fails to allege facts to support that he was injured as a result of a municipal policy or custom.  Accordingly, Plaintiff fails to state a claim against the Maricopa County Board of Supervisors and it will be dismissed.

**B.     Sheriff Arpaio**

Plaintiff also sues Maricopa County Sheriff Arpaio.  While Arpaio may be sued, Plaintiff fails to state a claim against him.

"A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."  <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998).  For an individual to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom.  See <u>Cortez</u>, 294 F.3d at 1188.  Further, there is no *respondeat superior* liability under § 1983, so a defendant's position as the supervisor of a someone who allegedly violated a plaintiff's constitutional rights does not make him liable.  <u>Monell</u>, 436 U.S. at 691; <u>Taylor</u>, 880 F.2d at 1045.  A supervisor in his individual capacity, "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."  <u>Taylor</u>, 880 F.2d at 1045.

Plaintiff makes only vague and conclusory assertions that Arpaio "knowingly & intentionally" conspired to violate constitutional rights by housing pretrial detainees in allegedly unconstitutional conditions.  (Doc. 1 at 4.)  Although *pro se* pleadings are liberally

1   construed, <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations

2   will not support a cause of action.  <u>Ivey v. Board of Regents of the Univ. of Alaska</u>, 673 F.2d

3   266, 268 (9th Cir. 1982).  Further, a liberal interpretation of a civil rights complaint may not

4   supply essential elements of the claim that were not initially pled.  <u>Id.</u>  Plaintiff fails to allege

5   *facts* to support that Arpaio enacted or enforced a policy, custom, or practice that resulted in

6   the denial of Plaintiff's constitutional rights.  He also has not alleged *facts* to support that

7   Arpaio directly violated his constitutional rights or that Arpaio was aware that Plaintiff's

8   rights were being violated but failed to act.  Accordingly, Plaintiff fails to state a claim

9   against Arpaio and he will be dismissed.

10   **C.   Conditions of Confinement**

11          As noted above, Plaintiff asserts three counts for allegedly unconstitutional conditions

12   of confinement at the Durango Jail.  A prison inmate's claim for unconstitutional conditions

13   of confinement arises under the Eighth Amendment, <u>Bell v. Wolfish</u>, 441 U.S. 520 (1979),

14   while a pretrial detainee's claim for unconstitutional conditions arises under the Fourteenth

15   Amendment, <u>Frost v. Agnos</u>, 152 F.3d 1124, 1128 (9th Cir. 1998).  Nevertheless, the same

16   standard is applied.  <u>See</u> <u>Frost</u>, 152 F.3d at 1128.  To state a claim for unconstitutional

17   conditions, a plaintiff must allege an objectively "sufficiently serious" deprivation that results

18   in the denial of "the minimal civilized measure of life's necessities." <u>Farmer v. Brennan</u>, 511

19   U.S. 825, 834 (1994); <u>Allen v. Sakai</u>, 48 F.3d 1082, 1087 (9th Cir. 1994).  That is, a plaintiff

20   must allege facts supporting that he is incarcerated under conditions posing a substantial risk

21   of harm.  <u>Farmer</u>, 511 U.S. at 834.  Only deprivations denying the minimal civilized measure

22   of life's necessities are sufficiently grave for an Eighth Amendment violation.  <u>Johnson v.</u>

23   <u>Lewis</u>, 217 F.3d 726, 731 (9th Cir. 2000) (quotation omitted).  These are "deprivations of

24   essential food, medical care, or sanitation" or "other conditions intolerable for prison

25   confinement."  <u>Rhodes v. Chapman</u>, 452 U.S. 337, 348 (1981).  Whether a condition of

26   confinement rises to the level of a constitutional violation may depend, in part, on the

27   duration of an inmate's exposure to that condition.  <u>Keenan v. Hall</u>, 83 F.3d 1083, 1089 (9th

28   Cir. 1996).  "The more basic the need, the shorter the time it can be withheld."  <u>Hoptowit v.</u>

Ray, 682 F.2d 1287, 1259 (9th Cir. 1982).

In addition to alleging facts to support that he is confined in conditions posing a substantial risk of harm, a plaintiff must also allege facts to support that a defendant had a "sufficiently culpable state of mind," i.e., that the official acted with deliberate indifference to inmate health or safety. See Farmer, 511 U.S. at 837. In defining "deliberate indifference" in the jail context, the Supreme Court has imposed a subjective test: "the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, *and* he must also draw the inference." Id. A plaintiff must also allege how he was injured by the alleged unconstitutional conditions. See, e.g., Lewis, 518 U.S. at 349 (doctrine of standing requires that claimant have suffered or will imminently suffer actual harm).

Plaintiff in part complains of overcrowding at the Durango Jail. Allegations of overcrowding alone are insufficient to state a claim. See Rhodes, 452 U.S. at 348. Rather, to state a claim, a plaintiff must allege facts to support that overcrowding caused an increase in violence, reduced the provision of other constitutionally required services, or reached a level where the institution was no longer fit for human habitation. See Balla v. Idaho State Bd. of Corr., 869 F.2d 461, 471 (9th Cir. 1989); Toussaint v. Yockey, 722 F.2d 1490, 1492 (9th Cir. 1984).

Plaintiff fails to allege facts to support that overcrowding caused an increase in violence, reduced the provision of constitutionally required services or reached a level where the institution was no longer fit for human habitation, while he was there. That is, he has not alleged facts to support that overcrowding at Durango posed a substantial risk of harm to him. Moreover, Plaintiff fails to allege facts to support that a named Defendant, or anyone else, acted with deliberate indifference to a substantial risk of harm to him based on overcrowding.

Plaintiff also asserts that he was exposed to asbestos and lead paint at the Durango Jail. The Consumer Product Safety Commission has banned as hazardous products that contain intentionally-added, respirable free-form asbestos "[o]n the basis that *airborne*

*asbestos fibers* present the hazards of cancer, including lung cancer and mesothelioma" (emphasis added)). See 16 C.F.R. § 1304.4. The Consumer Product Safety Commission has also banned lead in paint and other products to reduce lead exposure in children where up to 50% of preschool children engaged in pica, the repetitive ingestion of non-food substances, including paint. See 16 C.F.R. § 1303.5.

Plaintiff does not allege facts to support the presence of airborne asbestos fibers asbestos at the Durango Jail. With respect to lead paint, Plaintiff does not allege facts to support that he ingested lead paint. If Plaintiff had alleged facts to support that he was exposed to airborne asbestos fibers and ingested lead paint. Plaintiff fails allege facts to support that a named Defendant, or anyone else, acted with deliberate indifference to a substantial risk of harm to him based on those conditions. He fails to allege facts to support that a named Defendant knew of such conditions and knew that they posed a substantial risk to his well-being, but failed to act to alleviate such risk. Accordingly, Plaintiff fails to state a claim based on exposure to asbestos or lead paint.

Plaintiff also alleges that there were insufficient fire escape routes, alarms, and suppression equipment at the Durango Jail. Plaintiff fails to allege an injury or facts to support that those conditions posed a substantial risk of harm to him. He also fails to allege facts to support that any named Defendant, or anyone else, acted with deliberate indifference to the claimed lack of escape routes, alarms, and suppression equipment at the jail. Accordingly, Plaintiff fails to state a claim based on these conditions.

**V.   Leave to Amend**

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First

Amended Complaint." The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. Plaintiff may include only one claim per count.

A first amended complaint supersedes the original complaint. <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992); <u>Hal Roach Studios v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as nonexistent. <u>Ferdik</u>, 963 F.2d at 1262. Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint. <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987).

## VI.   Warnings

### A.   Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B.   Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C.   Copies

Plaintiff must submit an additional copy of every filing for use by the Court. <u>See</u> LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D.   Possible "Strike"

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).

1    Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil

2    judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior

3    occasions, while incarcerated or detained in any facility, brought an action or appeal in a

4    court of the United States that was dismissed on the grounds that it is frivolous, malicious,

5    or fails to state a claim upon which relief may be granted, unless the prisoner is under

6    imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

7        **E.    Possible Dismissal**

8            If Plaintiff fails to timely comply with every provision of this Order, including these

9    warnings, the Court may dismiss this action without further notice.  See Ferdik, 963 F.2d at

10   1260-61 (a district court may dismiss an action for failure to comply with any order of the

11   Court).

12       **IT IS ORDERED:**

13           (1)    Plaintiff is **granted** leave to proceed *in forma pauperis* and the show cause

14   order, doc. 9, is **discharged**.  (Doc. 10.)  Plaintiff must promptly file a notice if his financial

15   circumstances materially change or he is re-incarcerated during the pendency of this case.

16           (2)    The Complaint is **dismissed** for failure to state a claim.  (Doc. 1.)  Plaintiff has

17   **30 days** from the date this Order is filed to file a first amended complaint in compliance with

18   this Order.

19           (3)    If Plaintiff fails to file an amended complaint within 30 days, the Clerk of

20   Court must, without further notice, enter a judgment of dismissal of this action with prejudice

21   that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

22           (4)    The Clerk of Court must mail Plaintiff a court-approved form for filing a civil

23   rights complaint by a prisoner.

24           DATED this 3rd day of October, 2012.

25

26   _____

27                        G. Murray Snow
                      United States District Judge

28

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

Phoenix & Prescott Divisions:         **OR**         Tucson Division:
U.S. District Court Clerk                              U.S. District Court Clerk
U.S. Courthouse, Suite 130                            U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10                    405 West Congress Street
Phoenix, Arizona  85003-2119                          Tucson, Arizona  85701-5010

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address. **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*). Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed. <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed
this _____ (month, day, year) to:
Name:  _____
Address:_____
       Attorney for Defendant(s)
_____
(Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint. <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

2

12.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1.  <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

    3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

    You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

4

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,   )
(Full Name of Plaintiff)                     )
              Plaintiff,     )
                          )
            vs.          )   **CASE NO.** _____
                          )             **(To be supplied by the Clerk)**

(1) _____ ,   )
(Full Name of Defendant)                     )
(2) _____ ,   )
                          )   **CIVIL RIGHTS COMPLAINT**
(3) _____ ,   )   **BY A PRISONER**
                          )
(4) _____ ,   )   ☐ Original Complaint
          Defendant(s).          )   ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.   )   ☐ Second Amended Complaint

## A.  JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:
        ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
        ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
        ☐ Other: _____.

2.    Institution/city where violation occurred: _____.

**550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____. The first Defendant is employed as:
    _____at_____.
    <span>(Position and Title)</span>             <span>(Institution)</span>

2.  Name of second Defendant: _____. The second Defendant is employed as:
    _____at_____.
    <span>(Position and Title)</span>             <span>(Institution)</span>

3.  Name of third Defendant: _____. The third Defendant is employed as:
    _____at_____.
    <span>(Position and Title)</span>             <span>(Institution)</span>

4.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
    _____at_____.
    <span>(Position and Title)</span>             <span>(Institution)</span>

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?      ☐ Yes        ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    b.  Second prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    c.  Third prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.    State the constitutional or other federal civil right that was violated: _____

_____.

2.    **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
- ☐ Basic necessities        ☐ Mail            ☐ Access to the court      ☐ Medical care
- ☐ Disciplinary proceedings   ☐ Property         ☐ Exercise of religion     ☐ Retaliation
- ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies:**
- a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                    ☐ Yes    ☐ No
- b.    Did you submit a request for administrative relief on Count I?           ☐ Yes    ☐ No
- c.    Did you appeal your request for relief on Count I to the highest level?   ☐ Yes    ☐ No
- d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

3

**COUNT II**

1.   State the constitutional or other federal civil right that was violated: _____
_____.


2.   **Count II.** Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies.**
     a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                      ☐ Yes     ☐ No
     b.   Did you submit a request for administrative relief on Count II?          ☐ Yes     ☐ No
     c.   Did you appeal your request for relief on Count II to the highest level? ☐ Yes     ☐ No
     d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
          _____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion          ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what
**each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without
citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available
at your institution?                                                      ☐ Yes   ☐ No
b.   Did you submit a request for administrative relief on Count III?      ☐ Yes   ☐ No
c.   Did you appeal your request for relief on Count III to the highest level?  ☐ Yes   ☐ No
d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why
you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                          DATE                                                         SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.